VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (Cal. Bar No. 111536)
SOPHY TABANDEH (Cal. Bar No. 287583)
RYAN BRICKER (Cal. Bar No. 269100)
PAYMANEH PARHAMI (Cal. Bar No. 335604)
565 Commercial Street, Fourth Floor
San Francisco, California 94111
Telephone:   (415) 534-0495
Facsimile:   (270) 518-5974
Email:    greg.gilchrist@versolaw.com
          ryan.bricker@versolaw.com
          sophy.tabandeh@versolaw.com
          paymaneh.parhami@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| PATAGONIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BE HIPPY, LLC, LEIGH PEARSON, AND BART O'BRIEN,<br><br>Defendants. | Case No. 2:25-cv-00210<br><br>**COMPLAINT FOR, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMAND** |
|---|---|

This lawsuit seeks to stop be hippy, llc, Leigh Pearson, and Bart O'Brien ("Defendants") from infringing and misusing Patagonia, Inc.'s ("Patagonia") trademarks. Defendants have sourced, manufactured, promoted, marketed, offered, and/or sold apparel products and accessories that infringe Patagonia's famous trademarks and logos, and registered and used a confusingly similar design trademark at the United States Patent and Trademark Office. To stop this conduct, Patagonia alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Patagonia is a California corporation headquartered at 259 West Santa

Clara Street, Ventura, California 93001.  Patagonia has been designing, developing, and marketing clothing for more than forty years.  Today, Patagonia and the PATAGONIA brand are famous around the world for innovative apparel designs, quality products, and environmental and corporate responsibility.

2.     Defendant be hippy, llc ("Be Hippy") is a Colorado limited liability company with its principal place of business at 6066 W 55th Ave, Arvada, CO 80002.  Be Hippy manufactures and sells products infringing upon Patagonia's trademarks and logos online throughout the country via its website https://behippy.com.

3.     Defendant Leigh Pearson ("Ms. Pearson") is an individual who, on information and belief, resides in Denver County, CO.  Ms. Pearson is the co-owner of Be Hippy.

4.     Defendant Bart O'Brien ("Mr. O'Brien") is an individual who, on information and believe, resides in Denver County, CO.  Mr. O'Brien is the co-owner of Be Hippy.

5.     Patagonia's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  Patagonia's claims for copyright infringement arise from Defendants' infringement of Patagonia's exclusive rights under the United States Copyright Act (17 U.S.C. §§ 101, *et seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).

6.     This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of doing business in this district. Through Patagonia's investigation, Patagonia has confirmed that Defendants in fact promote, sell, and ship their infringing products to residents of this district. Defendants have directed their conduct into this district, including by individually

targeting Patagonia, a corporation with its principal place of business in this district, by infringing Patagonia's trademark.  Defendants also operate a website that is used to sell their infringing products and that is accessible by consumers in this district.

7.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(a) because Defendants reside and have their principal places of business in this district, infringe Patagonia's intellectual property in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### Patagonia's History

8.    Patagonia was founded in the late 1960s to design and sell climbing clothes and other active sportswear.  The company adopted the brand "PATAGONIA" to differentiate a related business that designed and manufactured climbing gear and tools.  PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors.  Since at least 1973, the PATAGONIA brand has appeared on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline (the "P-6 logo").

9.    In the nearly fifty years since Patagonia's business started, the PATAGONIA brand and its P-6 logo have become among the most identifiable brands in the world.  Patagonia's products now include a wide range of apparel products and equipment, including T shirts, hoodies, sweatshirts, and fleece, as well as technical products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, which are sold around the world.

10.    Over the years, Patagonia has been recognized and honored for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award."  In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of organically grown cotton and has

continued that use for more than twenty years.  It was a founding member of the Fair Labor Association®, which is an independent multi-stakeholder verification and training organization that audits apparel factories.  Additionally, since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating more than $140 million to date.  In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet® to encourage other businesses to do the same.  Today, more than 1,200 member companies donate to more than 3,300 nonprofits through 1% For the Planet.  In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.  In 2022, Patagonia's owners donated their holdings in the company to a Purpose Trust and nonprofits dedicated to fighting the environmental crisis and defending nature.

**Patagonia's Trademarks**

11.    Patagonia owns numerous registrations for its distinctive P-6 logo and PATAGONIA trademark, covering a wide-ranging assortment of products.  Among these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
|  | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
| | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing- Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, | 08/1974-1981 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| | | Suspenders, and Belts | |
| | 1775623 / June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
| | 4773290 / July 14, 2015 | Backpacks, luggage, and water-repellent and waterproof fishing packs | 01/2014 |
| | 5318994 / Oct. 24, 2017 | Clothing, namely, [ tops, shirts, ] t-shirts, sweatshirts, hooded sweatshirts, hats, caps | 07/2017 |

These registrations for the PATAGONIA mark and logos are in full force and effect. The registrations have become incontestable under 15 U.S.C. § 1065.  A color image of the P-6 logo follows:



Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks." Patagonia also owns a registered copyright (Registration No. VA 1-801-788) for the P-6 logo.

12. The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered worldwide.

13. For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademarks are used. PATAGONIA brand products are advertised in a variety of contexts and media, including in print and on the Internet. In addition to advertising by Patagonia, the PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous retailers. Consumers, accordingly, are exposed to the PATAGONIA trademarks in a wide range of shopping and post-sale contexts.

14. Patagonia has sold its PATAGONIA brand products all over the world, including throughout the United States and California. Through its promotion and investment in its brand and extensive sales, publicity, awards, and leadership in sustainable sourcing practices, Patagonia has acquired enormous goodwill in its PATAGONIA trademarks. The PATAGONIA trademarks are famous within the meaning of the Trademark Dilution Revision Act, enjoy strong consumer recognition, and are recognized around the world and throughout the United States by consumers as signifying high-quality products made by a responsible company.

**Defendant's Promotion and Sale of Counterfeit Products**

15. In blatant disregard of Patagonia's rights in the PATAGONIA trademarks – and without authorization from Patagonia – the Defendants have manufactured, promoted, distributed, offered, and sold apparel products and accessories that infringe the P-6 logo (the "Infringing Products"). Representative

examples of the Infringing Products follow.



16.     The Infringing Products are confusingly similar to the P-6 logo artwork. The Infringing Products are identical to and compete directly with goods sold by Patagonia, including shirts, sweatshirts, and sweaters.

17.     Underscoring Defendants' effort to misappropriate Patagonia's reputation and famous trademarks, Defendants have registered a design mark at the United States Patent and Trademark Office that features a mountain design element

with a banded sky motif, pictured below, and is the subject of Reg. No. 7,329,918 for "Stickers" in International Class 16 and "Hoodies; Shirts; Caps being headwear; Baseball caps; Golf caps" in International Class 25 (the "Be Hippy Mark"). The design elements in the Be Hippy Mark are highly similar to Patagonia's P-6 logo and evoke Patagonia's brand. The Be Hippy Mark is in use on Defendants' website at https://behippy.com/, and Reg. No. 7,329,918 claims a first use date of February 1, 2023.



18. Defendants' use of the Infringing Products and Be Hippy Mark and registration of the Be Hippy Mark has caused, and if such use and registration were to continue, will cause a likelihood of confusion among consumers regarding the source of Defendants' products, and whether Patagonia has sponsored, licensed, authorized, or is somehow affiliated with the Defendants.

19. Defendants began selling the Infringing Products and Be Hippy Mark long after the PATAGONIA trademarks became famous. The Infringing Products and Be Hippy Mark have caused, and if use and registration of these designs were to continue, are likely to cause dilution of Patagonia's famous and distinctive marks by diminishing their distinctiveness and singular association with Patagonia. Patagonia has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against Defendants' further use of the derivative designs.

20. Patagonia is informed and believes that Defendants have marketed and sold substantial quantities of the Infringing Designs and products bearing the Be Hippy Mark and profited from such sales.

21. There is no doubt that Defendants' conduct has been willful. Defendants adopted a mark and logos that infringe the PATAGONIA trademarks as

COMPLAINT
CASE NO. 2:25-cv-00210

part of the branding of their own product collection.  Removing any doubt that Defendants intend to evoke the Patagonia brand and company identity through their own logos and designs, Defendants acknowledged in an interview that they took inspiration from Patagonia's founder Yvon Chouinard in developing the Be Hippy brand.  *See* https://www.ageist.com/profile/leigh-pearson-53-bart-obrien-52-sustainable-apparel-colorado-sunshine/.

> *Who are your heroes?*
> Yvon Chouinard, Zach Bush MD, Jerry Garcia, Bob Dylan, MLK Jr., Gandhi, and all those who are fighting to save our planet from the inundation of chemicals in our water, soil, and air. All those musicians & artists who have had an impact on our spirit and allowed us to dance through the negative with a smile on our face. Anyone who challenges the system and approaches life with exuberant energy, prolific kindness, and a passion for truth. Those who never give in to the oppressive bully.

22.    The Infringing Products and Be Hippy Mark that are manufactured, distributed, offered for sale, and sold by or at the direction of Defendants have not been licensed, authorized, sponsored, endorsed, or approved by Patagonia. Defendants are not associated, affiliated, or connected with Patagonia, or licensed, authorized, sponsored, endorsed, or approved by Patagonia in any way.

23.    The Infringing Products and Be Hippy Mark are visually and conceptually similar to and compete with goods sold by Patagonia, and the parties' respective goods are sold through similar and overlapping channels of trade.

24.    Defendants' copying of Patagonia's copyrighted P-6 logo violates Patagonia's rights in the design and has caused damage to Patagonia.

25.    Defendants' actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate.  Unless Defendants are restrained by this Court, Defendants will continue expanding their illegal activities and otherwise continue to cause irreparable damage and injury to Patagonia by, among other things:

a.    Depriving Patagonia of its statutory rights to use and control use

of its trademark;

　　　　b.　　Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the Infringing Products and Be Hippy Mark;

　　　　c.　　Causing the public falsely to associate Patagonia with Defendants and/or their products;

　　　　d.　　Causing the public falsely to believe Patagonia has collaborated with Defendants, entered a co-branding relationship with Defendants, or is otherwise associated with Defendants and/or their products;

　　　　e.　　Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademarks to differentiate its products from those of its competitors;

　　　　f.　　Causing incalculable and irreparable damage to Patagonia's licensing and collaboration programs, and to Patagonia's ability to control its brand partnerships and to associate itself with entities who are specifically aligned to Patagonia's company mission; and

　　　　g.　　Causing Patagonia to lose sales of its genuine PATAGONIA products.

26.　　Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Defendants.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. §§ 1114-1117)

27.　　Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this Complaint.

28.　　Defendants have used, in connection with the sale, offering for sale, distribution, or advertising of their Infringing Products and Be Hippy Mark, symbols that infringe upon Patagonia's PATAGONIA trademarks.

29.    These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

30.    As a direct and proximate result of Defendants' conduct, Patagonia is entitled to recover Defendants' unlawful profits and Patagonia's damages, and treble the amount of its damages and Defendants' profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

31.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendants to stop promoting, distributing, offering, and selling the Infringing Designs and products bearing the Be Hippy Mark, and any other mark or design similar to the PATAGONIA trademarks.

## SECOND CLAIM

## FEDERAL UNFAIR COMPETITION

### (False Designation of Origin and False Description – 15 U.S.C. § 1125(a))

32.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 31 of this Complaint.

33.    Defendants' conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the Infringing Products and Be Hippy Mark, within the meaning of 15 U.S.C. § 1125(a)(1).  Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the Infringing Products and Be Hippy Mark to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

34.    As a direct and proximate result of Defendants' conduct, Patagonia is entitled to recover up to treble the amount of Defendants' unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

35.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendants to stop promoting, distributing, offering, and selling the

Infringing Products and products bearing the Be Hippy Mark, and any other mark or design similar to the PATAGONIA trademarks.

## THIRD CLAIM

## FEDERAL DILUTION OF FAMOUS MARK

### (Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))

36.   Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint.

37.   Patagonia's PATAGONIA trademarks (including the P-6 logo) are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were famous prior to Defendants' adoption of the Infringing Products and Be Hippy Mark.

38.   Defendants' conduct is likely to cause dilution of Patagonia's PATAGONIA trademarks by diminishing their distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

39.   As a direct and proximate result of Defendants' conduct, Patagonia is entitled to recover up to treble the amount of Defendants' unlawful profits and Patagonia's damages, and an award of attorney's fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

40.   Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) that requires Defendants to stop promoting, distributing, offering, and selling the Infringing Products and products bearing the Be Hippy Mark, and any other mark or design similar to the PATAGONIA trademarks.

## FOURTH CLAIM

## FEDERAL COPYRIGHT INFRINGEMENT

### (17 U.S.C. §§ 101, *et seq.*, and 17 U.S.C. §§ 501, *et seq.*)

41.   Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 40 of this Complaint.

42.   Patagonia owns the copyright in its P-6 logo, which is federally

registered and was registered prior to Defendants' copying.

43.    Defendants have copied, advertised, offered for sale, and/or sold substantially similar copies of the P-6 logo without Patagonia's authorization or permission and in violation of Patagonia's exclusive rights in its copyright.

44.    Defendants' unlawful reproduction, advertisement, distribution, and/or sale of Patagonia's proprietary design constitutes copyright infringement.  Patagonia alleges that Defendants acted intentionally and in bad faith when they reproduced Patagonia's copyrighted work (in identical or substantially similar form), and advertised, distributed, displayed, and/or sold the Infringing Products and Be Hippy Mark.

45.    Defendants' infringement alleged herein has caused and, if not enjoined, will continue to cause Patagonia to suffer irreparable harm for which there is no adequate remedy at law, and has also caused damage to Patagonia in an amount which cannot be accurately computed at this time but will be proven at trial.

46.    As a direct and proximate result of Defendants' conduct, Patagonia is entitled to injunctive relief, as well as actual damages and any profits earned by Defendants as a result of their infringements, or statutory damages of up to $150,000 for each work infringed, at Patagonia's election, pursuant to 17 U.S.C. § 504.

## FIFTH CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## UNDER CALIFORNIA STATUTORY LAW

**(Cal. Bus. & Prof. Code §§ 14200 *et seq.*; Cal. Bus. & Prof. Code § 17200 *et seq.*)**

47.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 46 of this Complaint.

48.    Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

49.     Defendants have infringed upon Patagonia's PATAGONIA trademarks without the consent of Patagonia and in connection with the sale, offering for sale, distribution, or advertising of their Infringing Products and Be Hippy Mark.

50.     Defendants' infringement of Patagonia's PATAGONIA trademarks is likely to cause confusion, mistake, and deception as to the source of the origin of Defendants' offerings.

51.     Defendants use the Infringing Products to enhance the commercial value of Defendants' offerings.

52.     Defendants' acts violate Patagonia's trademark rights under California Business & Professions Code §§ 14245 et seq.

53.     Defendants' conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code §§ 17200 *et seq.*

54.     Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendants from selling the Infringing Products and products bearing the Be Hippy Mark, or any other products bearing a mark or design that is likely to be confused with the PATAGONIA trademarks.

55.     Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

56.     Because Defendants' actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Defendants' unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

57.     Because Defendants' conduct has been undertaken willfully,

1   intentionally, and in reckless disregard of the possible injurious consequences,

2   Patagonia is entitled to exemplary or punitive damages under Cal. Civ. Code § 3294.

3   ### SIXTH CLAIM

4   ### TRADEMARK DILUTION UNDER CALIFORNIA LAW

5   ### (Cal. Bus. & Prof. Code § 14247)

6   58.    Patagonia realleges and incorporates by reference each of the

7   allegations contained in paragraphs 1 through 57 of this Complaint.

8   59.    Patagonia owns valid and protectable rights in its PATAGONIA

9   trademarks (including the P-6 logo).

10  60.    The PATAGONIA trademarks – registered marks in the state of

11  California – are distinctive and famous within the meaning of the California Model

12  State Trademark Law, Cal. Bus. & Prof. Code § 14247, in that Patagonia is a

13  household brand in California, and the PATAGONIA trademarks were famous prior

14  to Defendants' use of the Infringing Products and Be Hippy Mark.

15  61.    Defendants' acts are likely to dilute the distinctive quality of the

16  PATAGONIA trademarks.  Defendants' acts therefore constitute trademark dilution

17  under California Business & Professions Code § 14247, the analogous statutes of

18  other states, and under California common law.

19  62.    Patagonia is entitled to monetary damages and injunctive relief

20  prohibiting Defendants from using the Infringing Products and products bearing the

21  Be Hippy Mark, and any other mark or design similar to the PATAGONIA

22  trademarks.  Without injunctive relief, Patagonia has no means by which to control

23  the continuing dilution of the PATAGONIA trademarks.  Patagonia has been and

24  will continue to be irreparably harmed.  No amount of money damages can

25  adequately compensate Patagonia for such harm.

26  63.    Because Defendants' actions have been committed willfully,

27  maliciously, and intentionally, Patagonia is entitled to treble the amount of

28  Defendants' unlawful profits and Patagonia's damages under California Business &

Professions Code § 14250.

64.    Because Defendants' conduct has been undertaken willfully, intentionally, and in reckless disregard of the possible injurious consequences, Patagonia is entitled to exemplary or punitive damages under Cal. Civ. Code § 3294.

## SEVENTH CLAIM

## TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

65.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 64 of this Complaint.

66.    Patagonia owns valid and protectable rights in its PATAGONIA trademarks at common law.

67.    Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of goods offered by Defendants, or as to affiliation, connection, association, sponsorship, or approval of such goods and services, and constitutes infringement of Patagonia's PATAGONIA trademarks at common law.

68.    Defendants infringed Patagonia's PATAGONIA trademarks with knowledge and intent to cause confusion, mistake, or deception.

69.    Defendants' conduct is aggravated by that kind of willfulness, wanton-ness, malice, and conscious indifference to the rights and welfare of Patagonia for which California law allows the imposition of exemplary damages.

70.    As a direct and proximate result of Defendants' activities, Patagonia has suffered substantial damage.

71.    Unless restrained and enjoined, the conduct of Defendants will further impair the value of the PATAGONIA trademarks and Patagonia's business reputation and goodwill.  Patagonia has no adequate remedy at law.

72.    Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendants from using the Infringing Products and products bearing the Be Hippy Mark, and any other mark or design similar to the PATAGONIA trademarks.

73.     Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

74.     Because Defendants' actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys' fees and compensatory and punitive damages (*see* Cal. Civ. Code § 3294).

## **PRAYER FOR JUDGMENT**

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1.     Adjudge that Defendants have infringed the PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1114;

2.     Adjudge that Defendants have infringed the PATAGONIA trademarks in violation of California statutory law;

3.     Adjudge that Defendants have infringed Patagonia's common law rights in the PATAGONIA trademarks;

4.     Adjudge that Defendants have competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

5.     Adjudge that Defendants have competed unfairly with Patagonia in violation of California statutory law;

6.     Adjudge that Defendants' activities are likely to dilute Patagonia's famous PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1125(c) and/or California law;

7.     Adjudge that Defendants have infringed Patagonia's copyright rights in its P-6 design;

8.     Adjudge that Defendants' actions, as outlined in the preceding paragraphs, have been willful, intentional, and conducted in reckless disregard of the possible injurious consequences;

9.    Adjudge that Defendants and their agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through or under them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.    Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that bear reproductions or so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, the Infringing Products or any product or service that bears the Be Hippy Mark, or any other approximation of Patagonia's trademarks;

b.    Using any word, term, name, symbol, device, or combination that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendants or their products with Patagonia, or as to the origin of Defendants' goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising, or likely dilution of the PATAGONIA trademarks;

c.    Claiming trademark rights in the Be Hippy Mark, or any other word, symbol, or design that is confusingly similar to the PATAGONIA trademarks, including by applying now or in the future for federal registration of trademarks comprising the Be Hippy Mark or any other word, symbol, or design that is similar to the PATAGONIA trademarks;

d.    Further infringing the rights of Patagonia in and to its PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business reputation;

e.    Further diluting the famous PATAGONIA trademarks;

f.    Otherwise competing unfairly with Patagonia in any manner;

g.      Further infringing Patagonia's copyright rights in its P-6 logo design, including by reproducing, distributing, or displaying such logo or any other logo or design that is substantially similar to the P-6 logo; and

h.      Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

10.    Order that U.S. Registration No. 7,329,918 be cancelled or surrendered in its entirety, and address its certified order to the USPTO, Office of the Solicitor, Mail Stop 8, Director of the USPTO, P.O. Box 1450, Alexandria, Virginia 22313;

11.    Adjudge that Defendants are prohibited from applying to register any trademark or service mark which is likely to be confused with, or that dilutes the distinctive quality of, Patagonia's PATAGONIA trademarks;

12.    Adjudge that Defendants be required immediately to deliver to Patagonia's counsel their entire inventory of infringing products, including without limitation, patches and any other products, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices, files, data, and other material for producing or printing such items, that are in their possession or subject to their control and that infringe Patagonia's trademarks as alleged in this Complaint;

13.    Adjudge that Defendants, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which they have complied with the judgment;

14.    Adjudge that Patagonia recover from Defendants its damages and lost profits, and Defendants' profits in an amount to be proven at trial;

15.    Adjudge that Defendants be required to account for any profits that are attributable to their illegal acts, and that Patagonia be awarded (1) Defendants' profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

16.    Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

17.    Adjudge that Patagonia recover from Defendants its damages based on Defendants' copyright infringement, or statutory damages at Patagonia's election;

18.    Adjudge that Patagonia recover punitive or exemplary damages from Defendants based on Defendants' conduct done willfully, intentionally, and in reckless disregard of its possible injurious consequences;

19.    Order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of its infringing, dilutive activities;

20.    Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

21.    Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.


DATED:  January 8, 2025          Respectfully submitted,

                                 VERSO LAW GROUP LLP


                                 By:   /s/ Ryan Bricker
                                       GREGORY S. GILCHRIST
                                       SOPHY TABANDEH
                                       RYAN BRICKER
                                       PAYMANEH PARHAMI

                                 Attorneys for Plaintiff
                                 PATAGONIA, INC.

1

## **DEMAND FOR JURY TRIAL**

2

Patagonia, Inc. demands that this action be tried to a jury.

3

DATED:  January 8, 2025           Respectfully submitted,

4

VERSO LAW GROUP LLP

5

6

By:   */s/ Ryan Bricker*

7

RYAN BRICKER

8

Attorneys for Plaintiff
PATAGONIA, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28